UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER S. FRASIER** | **CIVIL ACTION NO. 3:12-cv-0312** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **BILLY HARRISON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher S. Frasier, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 25, 2012. Plaintiff is incarcerated at the Morehouse Parish Jail (MPJ), Bastrop, Louisiana and he complains that he was denied appropriate medical care. He sued Warden Billy Harrison, Sheriff Mike Tubbs Corrections Officers Smith, Deville, and Book, and Nurse Alicea Hawkins. In an amended complaint filed on March 29, 2012, he dismissed Tubbs, Deville and Book. He prayed for punitive damages for pain and suffering and a transfer to a facility that deals with chronic illness. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

*1. Original Complaint*

In his original complaint filed on January 25, 2012, plaintiff alleged that on January 2, 2012, at 7:45 p.m., he became disoriented and nauseated. His vision was blurry. He notified Sgt.

Smith, the Shift Supervisor, and advised him that he is an insulin dependent diabetic and that he needed an insulin injection. According to plaintiff, he has been injecting insulin for the past 12 years because his glucose levels are very high. Plaintiff alleged that his average glucose range "is 80-120 pts.", however, on January 2 his levels were 596. Smith threatened to confine plaintiff to lock down and spray him with pepper spray should he continue to complain about his medical condition. Smith also advised plaintiff to wait 10 hours for the next shift to obtain treatment.

Plaintiff returned to his bunk where he complained of severe bodily pain. He concluded his complaint with a prayer for "medical treatment, punitive damages for pain and suffering, [and] transfer[ ] to a medical staffed facility that deals with [chronic] illness..."

*2. Amend Order and Amended Complaint*

On March 22, 2012, plaintiff was directed to amend his complaint. Among other things, he was directed to provide "specific facts demonstrating a constitutional deprivation" and, he was advised the he could not rely upon "conclusory allegations." He was directed to provide, (1) the name of each person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation. Noting that his complaint alleged fault only on the part of Dy. Smith, he was directed to amend his complaint to either allege fault on the remaining defendants or dismiss his claims against them. Finally, plaintiff was instructed, to "... amend his complaint to provide evidence of deliberate indifference on the part of each defendant with regard to each incident complained of... [and to] allege with some specificity the harm, injury, or prejudiced he sustained as a result of each defendant's deliberate indifference." [Doc. 6]

On March 29, 2012, plaintiff submitted an amended complaint entitled, "Memorandum Order: Answer and Relief." In the pleading he dismissed Sheriff Tubbs, Deputy Deville, and Deputy Books from his lawsuit. He concluded his amended complaint as follows, "As the plaintiff, I am specifying that harm has been done as a result of high glucose levels due to my cronic [sic] illness being the fact of being avoided when I need assistance trying to get my glucose levels back dawn to a normal range from the following defendants: Billy W. Harrison et al. – Warden, Alicen Hawkins – Attending Nurse." He further claimed that his complaint was one of "deliberate indifference" and he re-urged his prayer for punitive damages for pain and suffering and a transfer to another prison. [Doc. 7]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim; he was instructed to amend his complaint to provide more specific facts concerning the violation of his rights by each defendant. He was specifically directed to describe the prejudice, harm, or injury sustained as a result of the alleged violations. He submitted an amended complaint; however, as was shown above, the amended complaint was also deficient and alleged only conclusive claims

against the remaining defendants.

## *2. Deliberate Indifference*

Plaintiff is a pre-trial detainee and not a convict. As a detainee, plaintiff's constitutional rights flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996). Detainees, by virtue of their status, are not subject to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). Nonetheless, when, as here, a pretrial detainee brings medical care claims which are directed toward a particular incident, these events are properly analyzed as episodic acts, and the deliberate indifference standard is applied. *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir.1996). This standard is substantially equivalent to the Eighth Amendment protections available to a convicted prisoner. *Id.* To state a cause of action, this plaintiff needs to show deliberate indifference on the part of each of the defendants. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.*

Thus, in order to establish an actionable constitutional violation plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the plaintiff to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d

5

752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings.

To the extent that the pleadings allege negligence or even malpractice on the part of the defendants with regard to his medical care claim, plaintiff fails to state a claim for which relief may be granted since deliberate indifference is not equivalent to negligence. Put simply, deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

Plaintiff was afforded the opportunity to amend his complaint to allege facts tending to establish deliberate indifference; however, as noted above, his amended complaint added no additional factual support for his claim. Taken as true for the purposes of this report, plaintiff has alleged only that, on one occasion, he was denied medication by a corrections officer, Sgt. Smith. However, the facts, as they relate to this defendant simply do not indicate that Smith was guilty of deliberate indifference on this occasion. As to the remaining defendants – Warden Harrison and Nurse Hawkins – plaintiff failed to allege any fault on the part of these defendant either in his original or amended complaints.

Finally, plaintiff was instructed to specify the harm sustained as a result of the defendants' deliberate indifference. However, as shown above, he provided no factual support for his conclusory claim that "harm has been done." [Doc. 7]

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 26, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE